UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br>v.<br>NAUMAN A. ALY,<br><br>      Defendant. | 16 Civ. 3853 (PGG)<br><br>REPLY TO RESPONSE TO MOTION FOR PROTECTIVE ORDER |

## DEFENDANT'S REPLY TO RESPONSE TO MOTION FOR PROTECTIVE ORDER

Defendant Nauman A. Aly respectfully submits this Reply to the Commission's Response to Motion for Protective Order:

Mr. Aly currently has no financial means to retain a counsel, travel outside Karachi, or arrange a new passport or U.S./U.K. visa. (Aly Decl. ¶¶ 1,2, and 3). The last time Mr. Aly traveled outside Pakistan was back in 2003. The Commission sent the deposition notice to Mr. Aly on December 2, 2016. (Aly Decl. Ex. A). Within hours, Mr. Aly informed the Commission that it can conduct the deposition at the U.S. Consulate in Karachi. (Aly Decl. Ex. B at 6). Mr. Aly also informed the Commission that it can conduct the deposition sooner than the noticed date of January 9, 2017. (Id. at 5).

The Commission's opposition memorandum states that an in-person deposition in Karachi is not possible because:

"... Department of State cautions United States citizens against all **non-**

1

**essential** travel to Pakistan." (SEC's Opp. at 10), and

"... United States government employees visiting Karachi must stay at the United States Consulate. There have not been rooms available at the Consulate for the past four months. Green Decl. ¶ 11." (SEC's Opp. at 11).

Why are there no rooms available for the past four months at the United States' largest Consulate General despite the travel warning ? This is because United States government employees' work related travel to Karachi can not be categorized as "non-essential" in the first place. All United States government employees visiting Karachi must stay at the United States Consulate, where they are provided with the same high security as the Consulate's staff. The Commission's arguments are thus self-defeating.

A video deposition is also a reasonable alternative in this case. The advanced video technology and high broadband internet speeds of 2017 can be utilized. Pakistan Telecommunication Company Limited (PTCL) currently offers broadband speeds of up to 100.0 Mbps. Source: [https://www.ptcl.com.pk/Home/PageDetail?ItemId=122&linkId=176](https://www.ptcl.com.pk/Home/PageDetail?ItemId=122&linkId=176) Only 1.5 Mbps internet speed is required for a **High Definition** Skype Video Calling. Source: [https://support.skype.com/en/faq/FA1417/how-much-bandwidth-does-skype-need](https://support.skype.com/en/faq/FA1417/how-much-bandwidth-does-skype-need) Furthermore, the U.S. Consulate in Karachi is the United States' largest Consulate General, and is larger, in terms of both personnel and facilities, than many U.S. Embassies. (Aly Decl. Ex. C).

A deposition in Karachi would also satisfy Rule 28(b). The U.S. Department of State's International Judicial Assistance website for Pakistan states:

"Pakistan authorities have advised the U.S. Embassy that voluntary depositions of willing witnesses in civil and commercial matters may be taken before U.S. consular officers in Pakistan pursuant to the Vienna Convention on Consular Relations. Pakistan is not a party to the Hague Evidence Convention. Voluntary depositions may be conducted in Pakistan regardless of the nationality of the witness, provided no compulsion is used. Oral depositions or depositions on written questions may be taken by U.S. consular officers or by private attorneys from the United States or Pakistan at the U.S. Embassy or at another location such as a hotel or office, either on notice or pursuant to a commission. If the services of a U.S. consular officer are required to administer an oath to the witness, interpreter and stenographer, such arrangements must be made in advance with the U.S. Embassy directly." Source: https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/pakistan.html (See Exhibit I at 4).

**Wherefore**, Mr. Aly humbly submits and respectfully requests that this original motion be granted in its entirety, together with such other and further relief as the Court may deem to be necessary and proper.

Dated: January 9, 2017

                                                Respectfully submitted,

                                                /s/ Nauman A. Aly

                                                NAUMAN A. ALY, *Pro Se*
                                                Nauman_aly@hotmail.com