UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                       Plaintiff,<br><br>    v.<br><br>NAUMAN A. ALY,<br><br>                       Defendant. | 16-CV-3853 (PGG) |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S SIX MOTIONS TO MODIFY THE PRELIMINARY INJUNCTION

Julia C. Green
U.S. Securities and Exchange Commission
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA  19103
(267) 602-2133 (Green)
GreenJu@sec.gov

Plaintiff Securities and Exchange Commission (the "Commission") submits this memorandum of law in opposition to Defendant Nauman A. Aly's six motions to modify the preliminary injunction to release funds. Dkt. Nos. 84 ("First Motion"), 86 ("Second Motion"), 87 ("Third Motion"), 89 ("Fourth Motion"), 90 ("Fifth Motion"), 91 ("Sixth Motion").

## PRELIMINARY STATEMENT

Having been found liable of securities fraud, Nauman Aly asks this Court to unfreeze the brokerage account that he used to commit the fraud. The motions should be denied because unfreezing assets would not further the interests of defrauded investors, and the equities do not weigh in favor of lifting the freeze. Rather, the entire brokerage account should remain frozen to preserve the Commission's ability to collect disgorgement, prejudgment interest, and civil penalties to remedy Aly's fraud.

## PROCEDURAL HISTORY

Aly orchestrated and executed a devious fraud, using false EDGAR filings to artificially inflate the market for Integrated Device Technology, Inc. securities just long enough to sell his $18,500 investment for over $425,000 in illicit profits.

On May 24, 2016, the Commission filed its Complaint against Aly for violations of the federal securities laws. Dkt. No. 1. That same day, the Court entered a temporary restraining order ("TRO"), freezing the assets in Aly's United States brokerage account. Dkt. No. 3. On September 15, 2016, the Court entered a Stipulation and Order converting the TRO to a preliminary injunction. Dkt. No. 25.

The parties engaged in discovery from November 21, 2016 through May 15, 2017. *See* Dkt. Nos. 35, 54. In response to the Commission's notice for his deposition in New York, Aly claimed he was unable to travel and obtained a protective order. Dkt. Nos. 38, 39, 48. The

Commission deposed Aly via video conference at the United States Consulate in Karachi, Pakistan.

On March 27, 2018, the Court granted the Commission's motion for summary judgment, finding Aly liable for securities fraud and directing the parties to submit briefing on remedies. Dkt. No. 82. The Commission's brief is due on May 11, 2018, and Aly's brief is due on May 25, 2018. *See* Dkt. No. 92.

On March 28, 2018, Aly filed a motion to modify the preliminary injunction seeking $30,795 from his United States brokerage account. Dkt. No. 84. Between March 30 and April 2, 2018, Aly filed five additional motions each incorporating the First Motion and proposing additional uses for the frozen assets. Dkt. Nos. 86, 87, 89, 90, 91.

Aly claims that he would use the $30,795 to: (1) file a motion for reconsideration and submit "proper briefing on remedies" (First Motion); (2) retain experts to support his remedies briefing (Second Motion); (3) travel to China and the United States to follow a "new lead" for additional evidence and to present his case to the Court in person (Third Motion); and (4) file briefing for what he claims are Due Process violations based on vague and/or inconsistent interpretations of the term "beneficial ownership" and for application of the rule of lenity (Fourth, Fifth, and Sixth Motions).

## ARGUMENT

In civil enforcement actions brought by the Commission, the Court may freeze assets sufficient to pay a defendant's "maximum liability," including disgorgement, prejudgment interest, and civil penalties. *SEC v. Bremont*, 954 F. Supp. 726, 733 (S.D.N.Y. 1997). *See also SEC v. Unifund SAL*, 910 F.2d 1028, 1041-42 (2d Cir. 1990); *SEC v. Ahmed*, No. 15-cv-675

(JBA), 2016 WL 10568257, at *1 n.1 (D. Conn. Feb. 18, 2016), *reconsideration denied*, 2017 WL 5515903 (D. Conn. Jan. 6, 2017).

A defendant seeking to modify a freeze order bears the burden of establishing that the modification "is in the interest of the defrauded investors." *SEC v. Lek Sec. Corp.*, No. 17-cv-1789 (DLC), 2017 WL 1184318, at *1 (S.D.N.Y. Mar. 29, 2017) (citation omitted). "The touchstone of the inquiry is equity. The disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief." *SEC v. Stein*, No. 07-cv-3125 (GEL), 2009 WL 1181061 (S.D.N.Y. April 30, 2009) (citation and alterations omitted).

## A. The Full Brokerage Account Should Remain Frozen to Preserve Assets for Remedies.

The equities weigh particularly heavily in favor of maintaining the full freeze here because the Court has already found Aly liable for securities fraud. The Court may now impose monetary remedies including disgorgement of ill-gotten gains with prejudgment interest and civil penalties. Aly claims to want the funds to "properly defend against the SEC's allegations." First Motion. But the time for defending against allegations has passed.

Aly does not seek to unfreeze the $427,084 that he will owe in disgorgement and prejudgment interest—i.e., his illicit gains from the fraudulent activity. Nor can he. A defendant cannot show that unfreezing assets is in the interest of investors if the assets are tainted or there are insufficient funds for a potential disgorgement obligation. *Stein*, 2009 WL 1181061, at *1. *See also SEC v. FTC Capital Mkts, Inc.*, No. 09-cv-4755, 2010 WL 2652405, at *7 (S.D.N.Y. June 30, 2010) (Gardephe, J.) (noting the "tainted by fraud standard" applies "when a defendant

3

seeks to use his or her own frozen funds to mount a defense in an SEC civil enforcement action").

Aly seeks to unfreeze the remaining $30,785, but those funds should be preserved for civil penalties. "[B]ecause disgorgement represents merely a return of ill-gotten gains, an additional monetary penalty is necessary to appropriately punish and deter . . . fraudulent activities." *SEC v. Forest Res. Mgmt. Corp.*, No. 09-cv-903 (JSR), 2010 WL 2077202, at *2 (S.D.N.Y. May 18, 2010). For violations involving fraud, deceit, or manipulation and that result in or create the risk of substantial losses to others, the Court may impose "third-tier" penalties of up to $184,767 per violation or the gross amount of the pecuniary gain resulting from the violation. *See* Securities Act of 1933 § 20(d) [15 U.S.C. § 77t(d)]; Exchange Act of 1934 § 21(d) [15 U.S.C. § 78u(d)]; 17 C.F.R. § 201.1001(b) (adjusting statutory amounts for inflation). Thus, because the frozen funds are likely insufficient to cover Aly's total liability in this case, no funds should be unfrozen. *See SEC v. Roor*, No. 99-cv-3372 (JSM), 1999 WL 553823, at *3 (S.D.N.Y. July 29, 1999) (denying motion to unfreeze assets where "there exists a likelihood that [defendant] will soon have significant personal liabilities to the government and to the victims of the fraud he is alleged to have perpetrated").

### B. Aly Has Not Met His Burden of Justifying Any Release of Frozen Assets.

The equities do not weigh in favor of unfreezing assets for any of the purposes suggested by Aly:

#### 1. Expenses for Legal Briefing (First, Fourth, Fifth, and Sixth Motions)

Aly fails to explain what expenses he expects to incur in connection with the various motions he intends to file. Aly suggests that additional funds are needed for him to brief "properly." *See* First Motion (requesting release of funds for Aly to "properly file a motion for

4

reconsideration and submit a proper briefing opposing remedies"); Fourth Motion ("Mr. Aly wants to submit a proper briefing so that even if denied all his arguments are saved for the appeal."); Fifth Motion (same); Sixth Motion (same). Aly's enigmatic reference to "proper briefing" does not justify lifting the freeze.

Even if Aly had explicitly asked for funds to retain an attorney, Aly would have no right to counsel for the Commission's civil enforcement case against him. *Ahmed*, 2016 WL 10568257, at *1 n.5. *See also FTC Capital Mkts*, 2010 WL 2652405, at *4 (requiring, "in order to justify the release of frozen funds, [defendant] must demonstrate that she has a Sixth Amendment right to these frozen funds"). There is no parallel criminal case against Aly, and the Sixth Amendment right to counsel does not apply to civil cases such as this one. *See James v. United States*, 330 Fed. Appx. 311, 313 (2d Cir. 2009); *United States v. Cohan*, 798 F.3d 84, 89– 90 (2d Cir. 2015).[1]

Aly's request to unfreeze assets for briefing expenses also fails because Aly has not established that "the amount requested is truly necessary." *FTC Capital Mkts*, 2010 WL 2652405, at *9. *See also Ahmed*, 2016 WL 10568257, at *2. Insofar as Aly seeks to retain counsel, Aly "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *SEC v. Cope*, No. 14-cv-7575 (DLC), 2016 WL 7429445, at *2 (S.D.N.Y. Dec. 23, 2016) (citation omitted). *See also FTC Capital Mkts*, 2010 WL 2652405, at *10 (requiring defendant to submit a letter and supporting documentation with

---

[1] Thus, case law cautioning that "the court pay particular attention to the defendant's Fifth and Sixth Amendment rights," *SEC v. Coates*, No. 94-cv-5361 (KMW), 1994 WL 455558, at *3 (S.D.N.Y. Aug. 23, 1994), is not applicable here.

counsel's hourly billing rate and a projection and explanation of the fees that counsel expects to incur). Aly has not met this burden.

2. Expert Fees (Second Motion)

Aly offers no support for his request for funding to retain experts to oppose remedies. Aly has not explained why he needs even one expert (let alone multiple experts) in this case. Nor has Aly indicated which experts would be retained, what they would opine on, or what fees they would charge. In addition, pursuant to the Court's Civil Case Management Plan and Scheduling Order, Aly's expert disclosures were due on March 3, 2017. Dkt. No. 35. Any expert report would be untimely. Aly has failed to justify lifting the freeze for this expense.

3. Travel to China and the United States (Third Motion)

Aly asserts that he intends to travel to China and the United States for an unspecified lead "to find additional evidence supporting his case." Third Motion. Even if this latest conveniently-timed, unsupported claim were credible—and it is not—this Court has already reminded Aly that discovery has closed. Dkt. Nos. 54, 82 at 32–33.

Aly complains that he has not appeared before the Court in this case, suggesting that he should be given a chance to present his case to the Court in person. Aly has no right to appear in person for argument on any motion, let alone a motion for reconsideration. *See* Local Rule 6.1(c). There has been one Court conference in this case on November 17, 2016. Aly made no effort to appear at that conference either in person, telephonically, or by video conference. When the Commission noticed his deposition in the Southern District of New York, Aly did not seek the release of any funds to travel to New York for the deposition. Nor did Aly request an opportunity to travel to New York for argument on the cross-motions for summary judgment.

6

The equities do not weigh in favor of unfreezing assets for Aly to travel to New York now after the Court has already granted summary judgment.

### C. Aly Cannot Be Trusted to Use the Funds for the Stated Purposes.

"A freeze is particularly warranted where the defendant's alleged conduct involves fraud." *SEC v. Credit Bancorp Ltd.*, No. 99-cv-11395 (RWS), 2010 WL 768944, at *3 (S.D.N.Y. Mar. 8, 2010). As has been demonstrated, Aly committed fraud by publicly filing false statements on EDGAR. In addition, the Court has noted that through the course of this litigation, Aly made numerous outlandish, unverified, and inconsistent statements, including under oath. *See* Dkt. No. 82 at 15–16, 46. *See also SEC v. Schiffer*, No. 97-cv-5853 (RO), 1998 WL 901684, at *2 (S.D.N.Y. June 25, 1998) (denying motion to unfreeze assets, noting defendant's troubling and "unceasing effort . . . to seek court support by asserting insupportable factual conclusions"). The Court should not allow Aly to dissipate the funds that could be used to remedy his fraud.

### CONCLUSION

For the foregoing reasons, Aly's motions to modify the preliminary injunction should be denied.

Date: April 11, 2018

Respectfully submitted,

Julia C. Green
U.S. Securities and Exchange Commission
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103
(267) 602-2133 (Green)
greenju@sec.gov